Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for Non-Party Twitter, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DR. DANIEL P. WIRT,<br><br>            Movant,<br><br>v.<br><br>TWITTER, INC.,<br><br>           Respondent. | Case No. 3:21-mc-80166 KAW<br><br>**NON-PARTY TWITTER'S RESPONSE TO MOTION TO COMPEL**<br><br>Judge:  Hon. Kandis A. Westmore. |

### I.    INTRODUCTION

Movant Dr. Daniel P. Wirt's Motion to Compel Twitter, Inc. ("Twitter") to Respond to Subpoena ("Motion") limits the scope of his subpoena to Twitter to seek only basic subscriber information for the account in question, and IP addresses associated with Tweets that Dr. Wirt believes are actionable under theories of defamation and false light. It also argues that Dr. Wirt has made the showing required by the First Amendment to the U.S. Constitution to allow him to potentially unmask the currently anonymous speaker associated with a relevant Twitter account.

Twitter opposes the Motion. The First Amendment requires a judicial determination that Movant's Complaint satisfies the relevant legal standards (i.e., those in *Highfields* for this district or *Koch Industries* for the District of Utah), and sufficient time for Twitter to notify the affected

-1-

account holder, and for the account holder to challenge the subpoena if necessary. Twitter cannot determine independently if the First Amendment standard is met; only this Court can. If the Court determines that Dr. Wirt has met the requisite burden of proof and provides a period of at least 21 days for Twitter to notify the affected account holder, Twitter will proceed with notice and, assuming no challenges from the account holder within 21 days, a responsive production.

## II.   FACTUAL BACKGROUND

Twitter received a non-party subpoena from Movant seeking information related to a Twitter account with the handle @Deus_Abscondis. *See* Declaration of Karl S. Kronenberger in Support of Movant's Motion to Compel (Kronenberger Decl.) ¶ 4, Ex. D. Movant is seeking this information in connection with a John Doe complaint filed in the District of Utah. *Id*., ¶ 4, Ex. A.

Twitter objected, *see id*. ¶ 5, Ex. E., including because there was no indication that a court had determined that Movant had met the burden required by the First Amendment before he could unmask an anonymous speaker. *See id*. (Movant had obtained authorization for early discovery from the underlying court in Utah, *see id*., ¶ 6, Ex. F. but that was on a good cause analysis under Fed. R. Civ. Pro 26, not under the First Amendment case law set in the Motion.)

Movant's Motion followed, and through that Motion, Movant has limited his subpoena to only basic account identifying information.[1] Twitter opposes it to ensure that Movant's attempt to unmask an anonymous speaker is subject to judicial review, as the First Amendment requires.

## III.   LEGAL ARGUMENT

As Movant argues, in this district, before an anonymous speaker can be unmasked, a litigant must "persuade[] the court that there is a real evidentiary basis for believing that the

---

[1] Importantly, Twitter does not have available in its production tooling the IP addresses associated with a specific Tweets or Tweets. Twitter could produce, however, recent and reasonably accessible IP addresses associated with the account in question.

-2-

defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff." *Music Grp. Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) (citing *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975-76 (N.D. Cal. 2005)). If a plaintiff makes this showing, the court must then "assess and compare the magnitude of harms that would be caused" to the plaintiff's and defendant's interests if the speaker's identity was disclosed. *Id*. In the District of Utah, where the underlying litigation is pending, the standard to unmask an anonymous speaker requires that a plaintiff make a preliminary showing that the complaint has merit and he could provide sufficient evidence to prove his claims. The court must then balance the interests of the plaintiff and the anonymous defendant. *Koch Indus., Inc. v. Doe*, No.2:10CV1275DAK, 2011 U.S. Dist. LEXIS 49529, at *27 (D. Utah May 9, 2011).

Here, Movant contends he has met these standards with regard to claims of defamation and false light. *See* Motion at 11-13. He also argues that his interests in unmasking the account holder outweigh those of the defendant in remaining anonymous. *See id*. At 13-14. Twitter is unable to determine on its own whether Movant has, in fact, met the required standard, and the First Amendment requires a judicial inquiry before the anonymous speaker is unmasked. Twitter cannot determine, for example, whether the Tweets in question may constitute defamation *per se* or false light under Utah law, although Movant argues that they do. *See* Motion at 12. And although the District Court in Utah undertook a good cause analysis in connection with issuance of the subpoena, Kronenberger Decl., ¶ 6, Ex. F., it did not conduct a First Amendment analysis.

Requiring civil litigants to meet these First Amendment standards ensures that speech is not chilled unnecessarily and that anonymous speakers are not unmasked inappropriately. As courts have explained, enforcing a subpoena to unmask an unknown speaker on the Internet "poses a real threat to chill protected comment on matters of interest to the public. Anonymity liberates." *Highfields*, 385 F. Supp. 2d at 980-81. And enforcing such a subpoena "would be enabling plaintiff to impose a considerable price on defendant's use of one of the vehicles for

expressing his views that is most likely to result in those views reaching the intended audience. That 'price' would include public exposure of plaintiff's identity and the financial and other burdens of defending against a multi-count lawsuit—perhaps in a remote jurisdiction." *Id*.

The relevant First Amendment legal standard also requires advance notice to the affected account holder to allow them to assert any objections they may have to the proposed unmasking. *See* Motion at 11 (observing that *Highfields* requires notice to the account holder) and at 12 (conceding that movant agrees to Twitter providing notice to the affected account holder). If the Court determines that Dr. Wirt has met the First Amendment standards and directs Twitter to produce basic identifying information for the account, the First Amendment still requires that Twitter be able to notify the account holder before production. The time period for notice should be at least 21 days to allow the account holder to take any steps needed to prevent disclosure.

### IV.   CONCLUSION

For these reasons, Twitter requests that the Court conduct the relevant judicial inquiry to ensure that the First Amendment requirements are met before an anonymous speaker is unmasked. And if the Court determines that the standard is met here, Twitter requests that the Court allow it at least 21 days to notify the affected account holder in advance of production.

Dated:  August 6, 2021

By:  */s/ Julie E. Schwartz*
Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
**PERKINS COIE LLP**
3150 Porter Drive
Palo Alto, CA  94304
Telephone:  650.838.4300
Facsimile:  650.838.4350

Attorneys for Nonparty Twitter, Inc.