**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

Attorneys for Movant Dr. Daniel P. Wirt

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DR. DANIEL P. WIRT**, | Case No. 3:21-mc-80166-KAW |
| Movant, | |
| v. | **MOVANT DR. DANIEL P. WIRT'S REPLY IN SUPPORT OF MOTION TO COMPEL TWITTER, INC. TO RESPOND TO SUBPOENA** |
| **TWITTER, INC.**, | |
| Respondent. | (*Dr. Daniel P. Wirt v. John Doe aka @Deus_Abscondis*, pending in the United States District Court for the District of Utah, Case No. 4:21-cv-00005-DN-PK) |
| | Date: TBD<br>Time: TBD<br>Ctrm: TBD<br>Before: The Hon. Kandis A. Westmore |

Case No. 3:21-mc-80166-KAW

**REPLY ISO MTN TO COMPEL TWITTER TO RESPOND TO SUBPOENA**

THE MOVANT, DR. DANIEL P. WIRT ("Dr. Wirt" or "Movant"), for his Reply in Support of Motion to Compel Twitter, Inc. to Respond to Subpoena ("Motion") states as follows:

1.       As stated in Respondent Twitter, Inc.'s ("Twitter") response to the Motion, Movant limits the scope of his subpoena to Twitter to seek only basic subscriber information for the account in question, and the IP addresses associated with Tweets that Dr. Wirt submits are actionable under theories of defamation and false light. Dr. Wirt has made the showing required by the First Amendment to the U.S. Constitution to allow him to potentially unmask the currently anonymous speaker associated with the relevant Twitter account. (ECF Doc. No. 8 at 1 ("Response").)

2.       Twitter's response raises no substantive issues with the production of information to unmask the currently anonymous speaker with the exception of: (1) asking the Court for a judicial determination that Movant's Complaint satisfies the relevant legal standards (i.e., those in *Highfields* for this district or *Koch Industries* for the District of Utah); and (2) stating that if "the Court determines that Dr. Wirt has met the requisite burden of proof and provides a period of at least 21 days for Twitter to notify the affected account holder, Twitter will proceed with notice and, assuming no challenges from the account holder within 21 days, a responsive production." (Response at 2.)

3.       Movant has no objections to the two issues raised by Twitter and agrees to the scenario that if the Court determines that Movant has met the requisite burden, that Twitter be given at least 21 days to notify the affected account holder after which Twitter would proceed with notice and, assuming no challenges, subsequent production of responsive information.

4.       Twitter also states that it is unable to produce the precise information requested by the subpoena in that "Twitter does not have available in its production tooling the IP addresses associated with a specific Tweets or Tweets. Twitter could produce, however, recent and reasonably accessible IP addresses associated with the account in question." (Response at 2, n.1.) Movant agrees to accept such information as responsive to the subpoena.

5.       Finally, Twitter states that it is unable to determine "whether the Tweets in question may constitute defamation per se or false light under Utah law," to sufficiently inform Twitter in order to enable a First Amendment analysis to unmask the anonymous speaker. (Response at 3.)

6. Movant has shown the Court that under Utah law, the Tweets in question on their face constitute defamation *per se* and false light. Specifically, the Complaint alleges causes of action against John Doe, the account holder for the Twitter handle @Deus_Abscondis, for defamation per se and false light. The foundation of these claims are the defamatory statements made by Doe which include several false statements; one in particular stands out wherein Doe links Dr. Wirt to a known felon who was convicted of fraud, stating (referring Dr. Wirt) "He dropped the 'h'. Now it makes sense – 'In 2004, it was announced that Wirth together with one of his co-workers had been arrested and later imprisoned for fraud." Doe then linked to an article about the crime. (Motion at 2.) However, as detailed in Dr. Wirt's Complaint, Dr. Wirt has never been convicted of a crime and has never spelled his name with an "h" at the end. (Motion at 2.) The news article linked to by Doe is not about Dr. Wirt at all but about someone else entirely. (Motion at 2.)

7. Under Utah law, the statements by the Defendant were injurious as defamation *per se* when the Defendant made false allegations of criminal conduct he purports was committed by Dr. Wirt and alleged that Dr. Wirt acted incompatibly with his profession as a physician. *See World Wide Ass'n of Specialty Programs v. Pure, Inc.*, 450 F.3d 1132, 1138 (10th Cir. 2006); Motion at 13.

8. As such, Dr. Wirt's claims as pled would survive a summary judgment inquiry and satisfy the standard necessary to overcome the First Amendment inquiry needed to unmask this anonymous speaker. *See id*.

## CONCLUSION

For these reasons, Dr. Wirt respectfully requests that the Court find that the First Amendment requirements are met to unmask this anonymous speaker; that the Court give Twitter at least 21 days to notify the affected account holder in advance of production; and after 21 days if no resistance is met from the account holder, Twitter shall make a production of responsive information.

//

//

//

1  Respectfully Submitted,

2  DATED: August 13, 2021           **KRONENBERGER ROSENFELD, LLP**

4                                   By:   s/ Karl S. Kronenberger
                                          Karl S. Kronenberger

5  Attorneys for Movant