UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL P. WIRT,<br><br>    Movant,<br><br>v.<br><br>TWITTER, INC.,<br><br>    Respondent. | Case No. 21-mc-80166-KAW<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>Re: Dkt. No. 1 |

On July 9, 2021, Daniel P. Wirt filed the instant motion to compel. (Wirt Mot. to Compel, Dkt. No. 1.) Wirt seeks to compel Respondent Twitter, Inc. to produce identifying information about Twitter user @Deus_Abscondis. (*Id.* at 1.)

The Court deems this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). Having considered the parties' filings and the relevant legal authorities, the Court DENIES Movant's motion without prejudice.

### I.    BACKGROUND

In September 2020, Wirt "became engaged in a heated debate" with @Deus_Abscondis on Twitter. (Mot. to Compel at 1.) In October 2020, @Deus_Abscondis published a tweet linking Wirt with a known felon who was convicted of fraud, stating: "He dropped the 'h'. Now it makes sense – 'In 2004, it was announced that Wirth together with one of his co-workers had been arrested and later imprisoned for fraud." (*Id.* at 2.) @Deus_Abscondis also linked to an article about the crime. (*Id.*) Wirt has never been convicted of a crime, nor has he ever spelled his name with an 'h' at the end. (*Id.*) In short, the news article was not about Wirt.

On January 14, 2021, Wirt filed a complaint in the United States District Court for the District of Utah ("Utah Action"), asserting claims for defamation *per se* and false light against

1  John Doe, the account holder of @Deus_Abscondis. (Kronenberger Decl., Exh. A ("D. Utah
2  Complaint"), Dkt. No. 1-1.) On January 26, 2021, Wirt sought leave to conduct early discovery.
3  (Kronenberger, Exh. B.) On January 27, 2021, the Utah District Court granted the motion,
4  authorizing Wirt to serve a subpoena on Twitter for @Deus_Abscondis's identifying and contact
5  information. (Kronenberger Decl., Exh. C.) The order did not preclude Twitter from challenging
6  the merits of the subpoena. (Kronenberger Decl., Exh. C at 1.)

7  On March 30, 2021, Wirt served the subpoena on Twitter. (Kronenberger Decl. ¶ 4.) On
8  April 12, 2021, Twitter objected. (Kronenberger Decl. ¶ 5.)

9  The instant motion followed. On August 6, 2021, Twitter filed its response, stating that it
10 required the Court to determine if Wirt made the requisite showing under the First Amendment to
11 allow him to unmask an anonymous speaker. (Twitter Resp. at 1, Dkt. No. 8.) Twitter further
12 requested that if the Court found Wirt made the requisite showing, that the Court allow Twitter at
13 least 21 days to notify the affected account holder in advance of production. (*Id.* at 2.) On August
14 13, 2021, Wirt filed his reply. (Wirt Reply, Dkt. No. 9.)

## II.   DISCUSSION

The outstanding issue is whether Wirt has made the requisite showing under the First Amendment to unmask an anonymous speaker.[1]

"It is well established that the First Amendment protects the right to anonymous speech." *Music Grp. Macao Commer. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 982 (N.D. Cal. 2015) (quotation omitted); *see also McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995) ("An author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment."). The right to anonymity, however, "is not absolute. Where anonymous speech is alleged to be unlawful, the speaker's right to remain anonymous may give way to a plaintiff's

---

[1] Twitter raised a number of objections in its April 12, 2021 response to the subpoena, but limits its response to the instant motion to: (1) the First Amendment showing, (2) the 21-day notice period, and (3) its inability to produce IP addresses associated with a specific Tweet (as opposed to IP addresses associated with the account in question). (*See* Twitter Resp. at 1-2.) Wirt has agreed to the 21-day notice, and will accept IP addresses associated with the account in question. (Wirt Reply at 1.)

United States District Court
Northern District of California

1  need to discover the speaker's identity in order to pursue its claim." *Art of Living Found. v. Does*,
2  Case No. 10-cv-5022-LHK, 2011 U.S. Dist. LEXIS 129836, at *10 (N.D. Cal. Nov. 9, 2011).

3      A.    **Appropriate Legal Standard**

4      "The many federal district and state courts that have dealt with this issue have employed a
5  variety of standards to benchmark whether an anonymous speaker's identity should be revealed."
6  *In re Anonymous Online Speakers*, 661 F.3d 1168, 1175 (9th Cir. 2011). "In choosing the proper
7  standard to apply, the district court should focus on the 'nature' of the defendant's speech." *Music*
8  *Grp.*, 82 F. Supp. 3d at 983 (quotation omitted).

9      Here, Wirt asserts that he satisfies both the *Highfields* test and the *Cahill* test. (Wirt Mot.
10  to Compel at 6.) The *Highfields* test requires that the party seeking to unmask an anonymous
11  speaker "persuade the court that there is a real evidentiary basis for believing that the defendant
12  has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff."
13  *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975-76 (N.D. Cal. 2005). If the
14  plaintiff satisfies this burden, the court must then "assess and compare the magnitude of the harms
15  that would be caused to the [plaintiffs' and defendants'] competing interests" if the defendant's
16  identity is disclosed. *Id.* at 976. The Ninth Circuit has found that the *Highfields* test is one of
17  "middling rigor, appropriate where . . . the challenged speech falls somewhere beneath the most
18  protected realm of 'political, religious, or literary' discourse . . . ." *Music Grp.*, 82 F. Supp. 3d at
19  983 (citing *In re Anonymous Online Speakers*, 661 F.3d at 1173, 1175-76). The *Cahill* test, in
20  turn, is "the most exacting standard," requiring that a plaintiff "be able to survive a hypothetical
21  motion for summary judgment and give, or attempt to give, notice to the speaker before
22  discovering the anonymous speaker's identity." *In re Anonymous Online Speakers*, 661 F.3d at
23  1176.

24      The Court finds that the *Highfields* test is appropriate, as the challenged speech is not
25  political, religious, or literary discourse. *Compare with Music Grp.*, 82 F. Supp. 3d at 983
26  (applying *Highfields* test where the challenged speech "consist[ed] mainly of flatly derogatory
27  statements about Music Group's CEO, and, apparently to a lesser degree, some criticism of the
28  company's products that likely constitutes legitimate commercial criticism").

B.     **"Real Evidentiary Basis"**

Again, the first prong of the *Highfields* test requires that Wirt "demonstrate that [his] claims rest on a 'real evidentiary basis.'" *Music Grp.*, 82 F. Supp. 3d at 984 (quoting *Highfields*, 385 F. Supp. at 975). "It is not enough for a plaintiff simply to plead and pray. Allegation and speculation are insufficient." *Highfields*, 385 F. Supp. at 975. Rather, a plaintiff "must adduce <u>competent evidence</u> -- and the evidence plaintiff adduces must address <u>all</u> of the inferences of fact that plaintiff would need to prove in order to prevail under at least one of the causes of action plaintiff asserts." *Id.* (original emphasis). Otherwise, "[t]he court may not enforce the subpoena if, under plaintiff's showing, any <u>essential</u> fact or finding lacks the requisite evidentiary support." *Id.* at 976.

Wirt asserts that there is sufficient evidence to establish defamation *per se*. (Wirt Mot. to Compel at 12.) To establish defamation under Utah law, a plaintiff must show: "(1) the defendant published the statements in print or orally; (2) the statements were false; (3) the statements were not subject to privilege; (4) the statements were published with the requisite degree of fault; and (5) the statement resulted in damages." *Eskamani v. Auto-Owners Ins. Co.*, 2020 UT App 137, ¶ 28 (quotation omitted). "[D]efamation *per se* does not require a plaintiff to prove actual damages," but "a statement gives rise to a claim of defamation per se only when it is false and it alleges criminal conduct on the part of the plaintiff or conduct which is incongruous with the exercise of a lawful business, trade, profession, or office." *Id.* (quotation omitted).

Here, Wirt has adequately demonstrated that @Deus_Abscondis published a tweet accusing Wirt of being the convicted criminal Daniel P. Wirth, and that this statement was false as it concerned a different individual. Wirt, however, has not provided sufficient evidence that the statements were published with the requisite degree of fault. When "the plaintiff is not a public figure, negligence is the requisite degree of fault." *John Bean Techs. Corp. v. B GSE Grp., LLC*, 480 F. Supp. 3d 1274, 1322 n.333 (D. Utah 2020). The plaintiff, in turn, "must plead facts that permit an inference that [the defendant] was at least negligent as to the truth of its statements . . . ." *Rusk v. Fid. Brokerage Servs., LLC*, Case No. 2:15-cv-853-JNP, 2018 U.S. Dist. LEXIS 55004, at *17 (D. Utah Mar. 29, 2018). While Wirt asserts that "posting statements as such would have no

4

1  other degree of fault but to harm one's reputation," this conclusory allegation does not
2  demonstrate that @Deus_Abscondis acted with negligence as to the truth of the statement.  (*See*
3  Wirt Mot. to Compel at 13.)  There are no non-conclusory facts that allow the Court to infer that
4  @Deus_Abscondis knew the statements were false or that @Deus_Abscondis acted recklessly as
5  to the truth or falsity of the statements.  Accordingly, the Court finds that Wirt has failed to
6  establish the first prong of the *Highfields* test.

      C.    **Balancing Harms**

     Even if Wirt had established the first prong of the *Highfields* test, the Court finds that Wirt has not established its second prong.  The second prong requires the Court to balance the harms to the parties if the anonymous speaker was unmasked.  *See Highfields*, 385 F. Supp. at 976.  "The Court may also examine the possibility that disclosure will deter other would-be critics or bloggers from exercising their First Amendment rights."  *Art of Living Found.*, 2011 U.S. Dist. LEXIS 129836, at *26 (citing *Perry v. Schwarzenegger*, 591 F.3d 1147, 1158 (9th Cir. 2010)).

     Here, Wirt has identified no harm.  While a plaintiff may not need to establish harm to bring a defamation *per se* claim, Wirt must still identify *some* harm that would be greater than the harm to @Deus_Abscondis.  *Compare with In re PGS Home Co.*, Case No. 19-mc-80139-JCS, 2019 U.S. Dist. LEXIS 204520, at *16 (N.D. Cal. Nov. 25, 2019) (denying discovery where the plaintiff failed to show "a 'real evidentiary basis' that the Tweets caused real harm" to the plaintiff).

     With respect to @Deus_Abscondis, courts in this district have acknowledged that where "anonymity facilitates free speech, the disclosure of his identity is itself an irreparable harm." *Art of Living Found.*, 2011 U.S. Dist. LEXIS 129836, at *26; *see also Highfields*, 385 F. Supp. at 980 ("Anonymity liberates").  "Further, revelation of an anonymous speaker's identity may invite ostracism for expressing unpopular ideas, retaliation from those who oppose her ideas or from those whom she criticizes, or simply give unwanted exposure to her mental processes." *Id.* (quotation omitted).  Here, the alleged defamatory statement was made during "a heated debate" between Wirt and @Deus_Abscondis.  (Wirt Mot. to Compel at 1.)  The Ninth Circuit has acknowledged that, "[a]s with other forms of expression, the ability to speak anonymously on the

Internet promotes the robust exchange of ideas and allows individuals to express themselves freely without fear of economic or official retaliation . . . [or] concern about social ostracism." *In re Anonymous Online Speakers*, 661 F.3d at 1173.  Thus, there is a real concern that unmasking @Deus_Abscondis for a statement made during "a heated debate" may chill future speech, particularly when there is no evidence of actual harm to Wirt.

### III.   CONCLUSION

For the reasons stated above, the Court DENIES Wirt's motion to compel.  The denial is without prejudice; Wirt may re-file if he can demonstrate a real evidentiary basis of: (1) the requisite degree of fault required to establish defamation *per se*, and (2) the existence of harm to Wirt that would outweigh the harm to @Deus_Abscondis from being identified.  Any renewed motion must be filed within **three weeks** of the date of this order, absent an extension by the Court.

IT IS SO ORDERED.

Dated: September 27, 2021

KANDIS A. WESTMORE
United States Magistrate Judge