UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL P. WIRT,

    Movant,

v.

TWITTER, INC.,

    Respondent.

Case No. 21-mc-80166-JSC

**ORDER RE: RENEWED MOTION TO COMPEL**

Re: Dkt. No. 11

Before the Court is Daniel P. Wirt's renewed motion to compel Twitter, Inc. to respond to Dr. Wirt's subpoena and produce identifying information about user @Deus_Abscondis. (Dkt. No. 11.) The motion was previously denied without prejudice by Judge Kandis A. Westmore. (Dkt. No. 10.) After carefully considering the parties' briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the motion.

## BACKGROUND

Dr. Wirt is a retired physician who practiced in the fields of surgical pathology and laboratory medicine for 30 years. (Dkt. No. 11-1 at 6.) In September 2020, Dr. Wirt "became engaged in a heated debate" with @Deus_Abscondis on Twitter. (Dkt. No. 11 ¶¶ 9–13.) On October 8, 2020, @Deus_Abscondis published a tweet with a link to an article about Daniel P. Wirth, an individual who was convicted of fraud. (*Id.* ¶¶ 21–22.) The tweet connected Dr. Wirt to Mr. Wirth, stating: "He dropped the 'h'. Now it makes sense – 'In 2004, it was announced that Wirth together with one of his co-workers had been arrested and later imprisoned for fraud.'" (*Id.* ¶ 23.) Dr. Wirt is not Mr. Wirth and has never spelled his name with an 'h' or been convicted of a crime. (Dkt. No. 11-2 ¶¶ 9, 18.) @Deus_Abscondis later published other tweets harassing Dr. Wirt and accusing him of being a criminal, a quack, and a fraud. (Dkt. No. 11-1 at 7–10.) The

1  tweets remain publicly available.  (*Id.* at 7, 10.)

2        Dr. Wirt filed suit in the District of Utah, asserting claims for defamation *per se* and false
3  light against John Doe, the account holder of @Deus_Abscondis.  (*Id.* at 5–14.)  Dr. Wirt served a
4  subpoena on Twitter and now moves to compel.  (*See id.* at 2–3.)

5  **DISCUSSION**

6        Dr. Wirt's subpoena seeks only basic subscriber information for the account in question,
7  along with the IP addresses associated with the tweets Dr. Wirt alleges were unlawful.  There is no
8  dispute that the information Dr. Wirt seeks is relevant; instead, Twitter refuses to comply on the
9  grounds that before it can unmask an anonymous speaker, a judge must determine that the balance
10 of harms warrants unmasking.

11       The parties agree that to unmask an anonymous speaker, Dr. Wirt must "persuade the court
12 that there is a real evidentiary basis for believing that the [speaker] has engaged in wrongful
13 conduct that has caused real harm to the interests of the plaintiff."  *Highfields Capital Mgmt., L.P.*
14 *v. Doe*, 385 F. Supp. 2d 969, 975 (N.D. Cal. 2005); *see also In re Anonymous Online Speakers*,
15 661 F.3d 1168, 1177 (9th Cir. 2011) ("[T]he nature of the speech should be a driving force in
16 choosing a standard by which to balance the rights of anonymous speakers in discovery
17 disputes."); (Dkt. No. 10 at 2–3 (concluding that *Highfields* test applies, based on nature of
18 challenged speech).)  If Dr. Wirt meets that burden, the Court must "assess and compare the
19 magnitude of the harms that would be caused to the [plaintiff's and speaker's] competing
20 interests" if the speaker's identity is disclosed.  *Highfields*, 385 F. Supp. 2d at 976.

21 **I.**    **Real Evidentiary Basis**

22       A "real evidentiary basis" requires "*competent evidence* . . . address[ing] *all* of the
23 inferences of fact that plaintiff would need to prove in order to prevail under at least one of the
24 causes of action plaintiff asserts."  *Id.* at 975.  "The court may not enforce the subpoena if, under
25 plaintiff's showing, any *essential* fact or finding lacks the requisite evidentiary support."  *Id.* at
26 976.

27       To establish defamation under Utah law, a plaintiff must show: "(1) the defendant
28 published the statements in print or orally; (2) the statements were false; (3) the statements were

2

1   not subject to privilege; (4) the statements were published with the requisite degree of fault; and
2   (5) the statement resulted in damages." *Eskamani v. Auto-Owners Ins. Co.*, 476 P.3d 542, 548–49
3   (Utah Ct. App. 2020) (citation omitted).  "[D]efamation *per se* does not require a plaintiff to prove
4   actual damages," but "a statement gives rise to a claim of defamation *per se* only when it is false
5   and it alleges criminal conduct on the part of the plaintiff or conduct which is incongruous with
6   the exercise of a lawful business, trade, profession, or office." *Id.* at 549 (cleaned up).  Where, as
7   here, "the plaintiff is not a public figure, negligence is the requisite degree of fault." *John Bean*
8   *Techs. Corp. v. B GSE Grp., LLC*, 480 F. Supp. 3d 1274, 1322 n.333 (D. Utah 2020).  The
9   plaintiff "must plead facts that permit an inference that [the speaker] was at least negligent as to
10  the truth of its statements." *Rusk v. Fid. Brokerage Servs., LLC*, No. 2:15-cv-853-JNP, 2018 WL
11  1620969, at *6 (D. Utah Mar. 30, 2018).

12      Dr. Wirt's motion and supporting documentation supply the requisite inferences of fact for
13  each of the five elements.  Dr. Wirt's declaration attests (1) that @Deus_Abscondis published the
14  October 8, 2020 tweet in print and (2) that the tweet's statements about Dr. Wirt were false
15  because he is not Mr. Wirth.  (Dkt. No. 11-2 ¶¶ 15–18.)  There is no apparent basis for (3)
16  privilege.  As to (4) negligence, Dr. Wirt attests that he has never been charged with or convicted
17  of a crime and that the article linked by @Deus_Abscondis discussed Mr. Wirth's research on
18  paranormal healing prior to his arrest for fraud.  (*Id.* ¶ 9, 16.)  On that basis, Dr. Wirt attests, "No
19  person publishing [the October 8, 2020 tweet], exercising reasonable diligence, would believe the
20  statements in the article to be about me because there are no other sources that have this
21  information out there linking the criminal activity in the article to me." (*Id.* ¶ 19.)  "Had Doe
22  exercised reasonable diligence prior to publishing, Doe would have understood that I am not the
23  subject of the article." (*Id.* ¶ 20.)  These attestations—and the nature of the allegedly defamatory
24  tweet itself—are competent evidence to support an inference that @Deus_Abscondis acted with
25  negligence as to the truth or falsity of the statement that Dr. Wirt "dropped the 'h'" after being
26  convicted for fraud under the name Mr. Wirth.  (Dkt. No. 11 ¶ 23.)  The record supports a finding
27  that there was no basis for the speaker to associate the convicted Mr. Wirth with Dr. Wirt and
28  allege that Dr. Wirt was hiding his true name by dropping the "h."  *See Seegmiller v. KSL, Inc.*,

United States District Court
Northern District of California

1   626 P.2d 968, 976 (Utah 1981) ("[T]he question [is] . . . whether the defendant acted reasonably in
2   checking on the truth or falsity or defamatory character of the communication before publishing
3   it."). Finally, the declaration clearly attests that (5) the statement was false and alleged criminal
4   conduct on the part of Dr. Wirt. *See Highfields*, 385 F. Supp. 2d at 975 ("In other words, the
5   evidence that plaintiff adduces must, if unrebutted, tend to support a finding of each fact that is
6   essential to a given cause of action.").

   Accordingly, every fact or finding essential to Dr. Wirt's claim of defamation *per se* has
the requisite evidentiary support. *See id.* at 976. Dr. Wirt has met his burden on the first part of
the *Highfields* test.

## II.  Competing Harms

Next, the Court must "assess and compare the magnitude of the harms that would be caused to the [plaintiff's and speaker's] competing interests" if the speaker's identity is disclosed. *Id.*

@Deus_Abscondis has a First Amendment interest in anonymous speech. *See McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995) ("An author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment."); *Art of Living Found. v. Does 1-10*, No. 10–CV–05022–LHK, 2011 WL 5444622, at *3–4 (N.D. Cal. Nov. 9, 2011). Thus, to the extent that @Deus_Abscondis's anonymity on Twitter "facilitates free speech, the disclosure of his identity is itself an irreparable harm." *Art of Living*, 2011 WL 5444622, at *9. However, the harm is somewhat tempered by the nature of the challenged speech, which "falls somewhere beneath the most protected realm of political, religious, or literary discourse . . . but may be more safeguarded than pure fighting words and obscenity, which is not protected by the First Amendment at all." *Music Grp. Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) (cleaned up) (citing *Anonymous Online Speakers*, 661 F.3d at 1173, 1175–76). Moreover, @Deus_Abscondis is the party alleged to have committed defamation, not a third-party witness. *See Anonymous Online Speakers*, 661 F.3d at 1176 (noting, in dicta, that "a higher standard should apply when a subpoena seeks the identity of an anonymous Internet user who is

1  not a party to the underlying litigation"). Additionally, at this stage Dr. Wirt seeks to discover the
2  identity of @Deus_Abscondis, not broader information relevant to @Deus_Abscondis's intent or
3  any potential defenses. *See Awtry v. Glassdoor, Inc.*, No. 16-mc-80028-JCS, 2016 WL 1275566,
4  at *12, 15 (N.D. Cal. Apr. 1, 2016); *Art of Living*, 2011 WL 5444622, at *10.

For Dr. Wirt's part, if @Deus_Abscondis's identity is not disclosed, Dr. Wirt will suffer the harm of being unable to pursue his defamation claim at all. Here, "discovery as to an anonymous defendant's identity [is] necessary in order to effect service of process." *Art of Living*, 2011 WL 5444622, at *10.

On balance, the competing harms favor disclosure. Given the nature of the challenged speech, @Deus_Abscondis's central role in the alleged events, and Dr. Wirt's interest in redressing allegedly defamatory accusations against him, @Deus_Abscondis's right to engage in anonymous speech "give[s] way" to Dr. Wirt's "need to discover the speaker's identity in order to pursue [his] claim." *Id.* at *4.

**CONCLUSION**

For the reasons explained above, the renewed motion to compel is GRANTED.

Twitter requests at least 21 days to notify the @Deus_Abscondis account holder of Dr. Wirt's subpoena and the Court's order, giving the account holder time to challenge each in court as appropriate. (Dkt. No. 12 at 2–3.) Dr. Wirt does not object. (Dkt. No. 16 at 5–6.) Accordingly,

- On or before December 22, 2021 Twitter shall notify the account holder of Dr. Wirt's subpoena and this Court's order;
- On or before January 12, 2022 Twitter shall respond to Dr. Wirt's subpoena, except that if the account holder challenges the subpoena or order by motion to this Court, Twitter's deadline to respond shall be stayed until further order of the Court.

This Order disposes of Docket No. 11.

//
//
//

**IT IS SO ORDERED.**

Dated: December 15, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge